UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
LATWOINE PARKER,

                      Petitioner,

    -against-

SUPERINTENDENT WILLIAM LEE,

                      Respondent.

------------------------------------x

MEMORANDUM DECISION
AND ORDER

18 Civ. 10400 (GBD) (SDA)

GEORGE B. DANIELS, United States District Judge:

*Pro Se* Petitioner Latwoine Parker seeks a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254, to set aside his 2014 conviction and sentence. (Petition, ECF No. 1.) On July 8, 2014, a jury convicted Petitioner of murder in the second degree and two counts of criminal possession of a weapon in the second degree. (Report at 9.) Petitioner's conviction was based in part on testimony from two witnesses that identified the Petitioner as the shooter. (*See Id.* at 7-8.) At trial, his defense attorney gave a summation attacking the credibility of the witnesses who identified Petitioner as the shooter and law enforcement officers involved in the investigation. (*Id.* at 8.) The Government rebutted defense counsel's summation arguments by asserting that the witnesses put their reputation in the neighborhood on the line to cooperate and the law enforcement officers have been honest their whole careers. (*Id.* at 8-9.)

Petitioner now seeks to set aside his sentence on grounds that "(1) the trial court erroneously denied his motion to suppress Carpenter's identification testimony [(due process claim)]; and (2) the prosecutor made several purportedly improper comments during the People's summation [(Prosecutorial

1

Misconduct)]]." (Report at 11.)[1] Before this Court is Magistrate Judge Stewart D. Aaron's March 11, 2020 Report and Recommendation, ("Report," ECF No. 26), recommending that the Petition be denied. (Report at 2.) Petitioner filed timely objections, but the objections raise the same factual and legal arguments presented before Magistrate Judge Aaron. (Petitioner's Objs., ECF No. 29.)

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted). After reviewing the Report for clear error and finding none, Petitioner's federal *habeas corpus* petition is DENIED.

Magistrate Judge Aaron correctly laid out the relevant legal principles applicable to a habeas petition pursuant to 28 U.S.C. § 2254. (Report 11-14.) Magistrate Judge Aaron did not err when applying these principles to Petitioner's claims. First, as to Petitioner's due process claim regarding the admissibility of the witness identifications, the state court found the identifications admissible because they were confirmatory in nature. (*Id.* at 14.) "The Appellate Division's determination that the hearing court correctly concluded that the identification was merely confirmatory presents only a question of state law not cognizable here." (*Id.* at 15.) Nor does federal law prohibit their admissibility. As the Report correctly states, the Supreme Court has held that "identification evidence need not be excluded if 'under the totality of the circumstances the identification was reliable.'" (*Id.* at 15 (quoting *Neil v. Biggers*, 409 U.S. 188, 199 (1972)).) The record demonstrates that the witnesses were familiar with the

---

[1] Petitioner originally sought to vacate his sentence on the additional ground that the State of New York did not fulfill its *Brady* and *Rosario* obligations. (Petition at 2.) Petitioner later filed a letter withdrawing this claim because it was unexhausted. (Petitioner's Ltr, ECF No. 20.)

2

Petitioner. This supports Magistrate Judge Aaron's finding that the witnesses' identification of Parker "was independently reliable." (Report at 16.)

Second, there was no error in finding that there was "an adequate and independent state ground for denying [Petitioner's Prosecutorial Misconduct claim], such that Petitioner's claim…is procedurally barred." (Report at 17.) The record demonstrates that Petitioner did not preserve such a challenge based on New York state's preservation rules. (*See Id.* at 17-18.) "Under the Adequate and Independent State Ground doctrine, 'the Supreme Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" (*Id.* at 13 (quoting *Davis v. Racette*, 99 F. Supp. 3d 379, 387 n.3 (E.D.N.Y. Apr. 21, 2015)).) Thus, New York's preservation rules constitute an adequate and independent state law ground barring review of Petitioner's Prosecutorial Misconduct claim. This alone is enough to dismiss Petitioner's sole remaining ground to vacate his sentence.

Petitioner does not assert an adequate ground on which to set aside his 2014 conviction and sentence pursuant to 28 U.S.C. § 2254. The Petition for a writ of *habeas corpus* is DENIED. The Clerk of Court is directed to close the case accordingly.

Dated: New York, New York
September   , 2022
**SEP 2 9 2022**

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge